Filed 2/4/22  P. v. Walker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C094136 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE20040010240, SF093973A) |
| v. | |
| RAYMOND WALKER, | |
| Defendant and Appellant. | |

Defendant Raymond Walker appeals from an order denying his postjudgment petition for resentencing under Penal Code section 1170.95.[1]  Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking this court to independently review the record to determine whether there were any arguable issues on appeal.  Defendant filed a supplemental brief challenging various components of his underlying conviction and sentence.  After

---

[1]     Undesignated statutory references are to the Penal Code.

1

examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

BACKGROUND

We briefly summarize the relevant background from our opinion in defendant's previous appeal from the underlying conviction. (*People v. Walker* (May 24, 2007, C051926) [nonpub. opn.] (*Walker*).)[2]

Chandrika Dip, a taxicab driver, picked up defendant as a fare in his cab and drove him to a number of locations, before reaching their final destination. (*Walker, supra*, C051926.) When Dip asked for the cab fare, defendant pulled a gun from his pocket and demanded Dip's money. Dip told defendant he did not have any money and reached for defendant's gun. Defendant shot him in the forehead and killed him. (*Walker, supra*, C051926.) Defendant turned off the cab engine and left the scene. When he arrived at his sister's home later, he told her he had accidentally shot a cab driver after a struggle. He denied trying to rob the cab driver. (*Walker, supra*, C051926.) He repeated his claim that he accidentally shot the cab driver to other people, including his girlfriend. (*Walker, supra*, C051926.)

Defendant was charged with first degree felony murder (§ 187), with a special circumstance allegation that the murder was committed while he was attempting to commit a robbery (§ 190.2, subd. (a)(17)), and attempted second degree robbery (§ 664/211), and firearm enhancements as to both counts (§§ 12022.53, subd. (d), 12022.5, subd. (a)). (*Walker, supra*, C051926.)[3] The jury found defendant guilty of

---

[2] On our own motion, we incorporate by reference the appellate record in *People v. Walker*, case No. C051926.

[3] The firearm use allegation as to the murder count was originally an allegation of intentional and personal discharge of a firearm, causing great bodily injury. (§ 12022.53, subd. (d).) By agreement of the parties, it was changed to a personal use allegation under section 12022.5, subdivision (a) to reflect the jury's verdict. (*Walker, supra*, C051926.)

murder and attempted robbery, found true the special circumstance allegation, and as to both counts found true the firearm allegation that defendant personally used a firearm. (*Walker, supra*, C051926.) The jury deadlocked on the allegation defendant intentionally discharged a firearm.

The trial court sentenced defendant to a term of life without possibility of parole on the felony-murder conviction, plus the upper term of 10 years for the gun use enhancement, and a term of two years on the attempted robbery conviction, plus 10 years for the gun use enhancement, stayed under section 654. (*Walker, supra*, C051926.)

Defendant appealed, claiming among other things the trial court improperly imposed the upper term for his gun use enhancements. (*Walker, supra*, C051926.) We affirmed the judgment on appeal. (*Walker, supra*, C051926.)

In April 2021, defendant filed a section 1170.95 petition for resentencing averring he had been charged under a theory of felony murder, was convicted under the felony-murder rule, and could not now be convicted of murder because of the changes made to sections 188 and 189 in Senate Bill No. 1437 (2017-2018 Reg. Sess.). He also requested appointment of counsel. Without appointing counsel, the trial court denied the petition finding defendant did not make a prima facie showing that the conviction is subject to section 1170.95.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief requesting *Wende* review of the court's postjudgment order denying defendant's section 1170.95 petition. Counsel properly advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant has filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) apply to an appeal from an order denying a postjudgment motion to modify a sentence is an open question.

Our Supreme Court is set to resolve the issue in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted February 17, 2021, S266305.

In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870,[4] we described the *Anders/Wende* procedure that we held applicable to appeals from section 1170.95 petitions:  " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras,* at pp. 112-113.)  We adhere to the reasoning of *Figueras* as to this postjudgment motion and address the issues raised by defendant.

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill No. 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].)  One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).)  Defendant was convicted of felony murder, involving an enumerated felony—attempted robbery.  (§ 189, subd. (a).)  He was the actual killer.  As such, he is liable for murder.  (§ 189, subd. (e)(1).)  The amendments under Senate Bill No. 1437 do

---

[4]     Review was granted in *Figueras* and held for *Delgadillo.*

not relieve him of liability under any argument that could be presented and he is not eligible for relief under section 1170.95 as a matter of law.[5]

Relying on his assertion that the shooting was accidental, and the fact that the jury deadlocked on the allegation that he intentionally discharged a firearm, defendant claims the upper term sentence on the firearm enhancements must be reversed. He appears to argue that the jury could not have found him guilty of felony murder unless he intentionally discharged the firearm. He also claims the upper term sentence on the firearm enhancements was not supported because the jury had not found any aggravating circumstances true beyond a reasonable doubt. Lastly, he states the jury was tainted, as one of the jurors had stated he hoped the case would be "an open and shut case." These claims do not address the trial court's ruling on his section 1170.95 petition. Rather, defendant is attempting to raise issues involving his trial and the propriety of the imposition of the upper term on the firearm enhancements, from which he already appealed. Section 1170.95 does not provide defendants an opportunity to relitigate the merits of their underlying judgments of conviction or portions of their sentence unaffected by the changes in Senate Bill No. 1437. These claims are not cognizable on an appeal from a denial of a section 1170.95 petition. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 16-17, review granted Oct. 14, 2020, S264033.)

---

[5] For this reason the trial judge's failure to appoint counsel for defendant was harmless beyond a reasonable doubt.

# DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


      \s\
BLEASE, Acting P. J.


We concur:



    \s\
DUARTE, J.



    \s\
KRAUSE, J.